

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3573 | **DATE** | 1/18/2013 |
| **CASE TITLE** | The Bank of New York Mellon vs. Fleming, et al. | | |

## DOCKET ENTRY TEXT

Defendants' Motion to Dismiss [37] and Motion to Set Aside Judgment [40] are denied. Plaintiff's Motion for Order of Sale and Distribution and Possession [33] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff The Bank of New York Mellon filed a complaint to foreclose mortgage on May 27, 2011, against Defendants John and Kafi Fleming. Plaintiff moved for summary judgment, and the court granted the motion on November 8, 2011. (Order, ECF No. 29.) The court entered a judgment of foreclosure in favor of the Plaintiff in the amount of $489,904.14. (J. of Foreclosure, ECF No. 30.) A special commissioner's sale was held on November 1, 2012. Plaintiff was the highest bidder, offering $509,969.22 for the property. On November 13, 2012, Plaintiff moved for an order approving the report of sale and distribution and an order of possession. (ECF No. 33.) On November 21, 2012, Defendants filed a motion to dismiss (ECF No. 37), and on December 18, 2012, Defendants moved, pursuant to Federal Rule of Civil Procedure 60(b)(3) and (6), to set aside the order of summary judgment and judgment of foreclosure. (Defs.' Mot. to Set Aside J., ECF No. 40.)

The motion to set aside the judgment is now before the court. Pursuant to Rule 60(b)(3) and (6), a court may grant relief from a judgment for reasons that include "fraud . . . , misrepresentation, or misconduct by an opposing party," or for "any other reason that justifies relief. Fed. R. Civ. P. 60(b)(3), (6).

As an initial response, Plaintiff argues that the Rule 60(b)(3) motion is untimely as it was made more than a year after the entry of the judgment. Plaintiff is correct that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). As there is no time limit for a Rule 60(b)(6) motion, however, the court will address the merits of Defendants' motion.

Defendants raise one argument in opposition to the judgment: that Plaintiff lacked standing to foreclose on the property. Defendants' motion for relief launches a "factual attack" on Plaintiff's standing. *See Apex Digital Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). In other words, Defendants argue

that "external facts call[] the court's jurisdiction into question." *Id.* at 444. Under these circumstances, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Id.* (internation quotation marks and alteration omitted). The plaintiff must respond to the challenge by "supporting the allegations necessary for standing with competent proof." *Retired Chi. Polic Ass'n v. City of Chi.*, 76 F.3d 856, 862 (7th Cir. 1996).

Plaintiff has attached to its complaint and motion for summary judgment a copy of a mortgage for property located at 139 Royal Court in Steger, Illinois, and a note in the original amount of $327,250.00, dated August 3, 2001. (Compl. Exs. A & B, ECF No. 1.) The mortgage was recorded in Cook County on August 15, 2001. The original mortgagee was Finance America, LLC. Affixed to the note is a document entitled "Allonge," which includes the loan number, the borrower's name, and the language, "Pay to the order of Finance America, LLC without recourse." An allonge is a piece of paper attached to a negotiable instrument for the purpose of receiving further endorsements. *OSK II, LLC v. Creek*, No. 12 C 2145, 2012 WL 6156195, at * 1 n.1 (C.D. Ill. Nov. 20, 2012) (citing BLACK'S LAW DICTIONARY (9th ed. 2009)). The allonge is signed, "Melissa Maldonado Senior Funder." (Pl.'s Mot. Summ. J. Ex. 1, ECF No. 24-1.) Plaintiff has also attached an Assignment of Mortgage from Finance America, LLA to "J.P. Morgan Chase Bank, N.A., as Trustee Successor in interest to Bank One, N.A., as Trustee for the Amortizing Residential Collateral Trust, 2001-BC6" ("J.P. Morgan Chase") (Pl.'s Mot. Summ. J. Ex. 3); an Assignment of Mortgage from J.P. Morgan Chase to "The Bank of New York Mellon, as trustee for amortizing residential collateral trust mortgage pass-through certificates, series 2001-BC6" (Pl.'s Mot. Summ. J. Ex. 4); and an Affidavit of Debt from an employee of Ocwen Loan Servicing, LLC (Pl.'s Mot. Summ. J. Ex. 5).

It is undisputed that Defendants ceased to make payments due under the note in July 2010 and were in default, and that the unpaid balance of the note was therefore due and payable according to the terms of the mortgage. Defendants also admit that the allonge attached to the note shows an indorsement signed in blank by Finance America. (Defs.' Mot. to Set Aside J. 5.)

Defendants argue, however, that the allonge "fails to show all necessary intervening endorsements." (*Id.*) Defendants further argue that, when the mortgage was assigned, Bank One N.A. and J.P Morgan Chase did not meet the "requirements pursuant to the relevant trust agreement ('PSA') for the removal and appointment of a successor trustee." (*Id.*) "PSA" refers to the Pooling and Service Agreement under which Plaintiff acquired the loan. Defendants argue that because of these violations of the PSA, Plaintiff was not the trustee of the amortizing residential collateral trust during all relevant times in this foreclosure action, and Plaintiff therefore lacks standing to prosecute this action.

The court finds that Plaintiff has met its burden to support "the allegations necessary for standing with competent proof." *Retired Chi. Polic Ass'n*, 76 F.3d at 862. Defendants' arguments that Plaintiff lacks standing fail for two reasons. First, under Illinois law, the allonge affixed to the note, which contains an indorsement signed in blank by Finance America, created an instrument payable to bearer. "[U]nder the plain meaning of [Ill. Comp. Stat. 5/1-103(b) (West 2010),] the use of an allonge for indorsement of an instrument is effective when it is affixed to the instrument." *Berg v. eHome Credit Corp.*, No. 08 C 5530, 2011 WL 761486, at *3 (N.D. Ill.

Feb. 25, 2011). Under Illinois law, when an instrument is indorsed in blank, it becomes payable to the bearer. 810 Ill. Comp. Stat. 5/3–205(b) (West 2010). The person in possession of an instrument payable to the bearer is the "holder" of that instrument, *id.* 5/1–201(b)(21)(A), and as the holder, is entitled to enforce it, *id.* 5/3–301. Defendants do not dispute that the allonge was affixed to the note and that it was indorsed in blank. The allonge did not need to show all intervening indorsements for Plaintiff to become the holder of the instrument, with standing to enforce it.

As to the alleged violations of the PSA under which Plaintiff acquired the loan, Plaintiff argues that Defendants cannot assert a claim based on these alleged violations. Even if the assignments violated the PSA, that had no effect on Defendants' obligations under the note and mortgage, as the PSA was a contract entirely separate from the note and mortgage. The court finds this argument persuasive. Numerous courts have rejected borrowers' attempts to argue that mortgage assignments were invalid based upon non-compliance with a PSA, holding that the borrowers lacked standing to dispute the validity of the assignments because they were not parties to those contracts. *See, e.g., Livonia Prop. Holdings v. Farmington Road Holdings*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010) (holding that a borrower lacked standing to dispute the validity of an assignment between the assignor and assignee because the borrower was "a non-party to those documents").

Defendants challenge to Plaintiff's standing fails. They have demonstrated no basis for the court to set aside the order of summary judgment and judgment of foreclosure, and their motion to set aside the order and judgment is therefore denied. Defendants' motion to dismiss is also denied accordingly.

2013 JAN 19 PM 4:32
CLERK
U.S. DISTRICT COURT